# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### DETROIT DIVISION

| | |
|---|---|
| TANISHA C. BURTON, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 2:19-cv-11571 |
| INTERNATIONAL COMPUTER SYSTEMS, INC. D/B/A FIRST COLLECTIONS SERVICES, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** Tanisha C. Burton ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining of International Computer Systems, Inc. d/b/a First Collection Services ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227.

1

## JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Eastern District of Michigan, Defendant maintains significant contacts within the Eastern District of Michigan, and a substantial portion the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. As reflected on its website, Defendant provides "professional accounts receivable management services."[1] Defendant is a debt collection corporation, with its principal place of business is located at 10925 Otter Creek E Blvd, Mabelvale, Arkansas 72103.

---

[1] http://www.fcscollects.com/

2

## FACTS SUPPORTING CAUSES OF ACTION

6. Around September 2018, Defendant began placing calls to Plaintiff's cellular telephone number, (313) XXX-7868, in an attempt to collect upon an allegedly defaulted consumer debt ("subject debt").

7. Immediately after the calls began, Plaintiff answered a call from Defendant and requested that Defendant stop contacting her

8. This request had no effect on Defendant, as they continued to unremittingly call Plaintiff on her cellular phone in an attempt to collect the subject debt.

9. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

10. In total, Defendant placed or caused to be placed no less than 33 harassing phone calls to Plaintiff's cellular telephone from September 2018 through November 2018, with calls taking place several times in one day, and on the weekends.

11. Moreover, in the phone calls Plaintiff answered, Plaintiff heard a pause and what sounds to be call center noise in the background of Defendant's calls.

12. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system, a telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

13. Additionally, Defendant failed to send Plaintiff a dunning notice, as required by the FDCPA §1692g.

## DAMAGES

14. Plaintiff has suffered and continues to suffer from emotional distress, depression, mental anguish, and anxiety as a direct result of Defendant's unlawful collection practices.

15. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

16. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

17. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

18. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

19. Plaintiff restates and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without her prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

21. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

22. Based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

23. Defendant violated the TCPA by placing no less than 33 harassing phone calls to Plaintiff's cellular telephone from September 2018 through the present day, using an ATDS without her prior consent.

24. Any prior consent, if any, was revoked by Plaintiff's verbal revocation. Specifically, Plaintiff verbally revoked consent to be called on her cellular phone.

25. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

26. Upon information and belief, Defendant has no system in place to document and archive whether it has prior consent to contact consumers on their cellular phones.

27. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

28. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

29. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, TANISHA C. BURTON, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Enjoining Defendant from contacting Plaintiff; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

30. Plaintiff restates and realleges paragraphs 1 through 29 as though fully set forth herein.

31. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

32. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

33. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of defaulted debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

34. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

7

35. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

36. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

37. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), and g through its unlawful debt collection practices.

    a. **Violations of FDCPA § 1692c**

38. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

39. Furthermore, the volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her into submission.

40. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and distressing to her.

    b. **Violations of FDCPA § 1692d**

41. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment

8

on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff demanded that the calls cease.

42. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed no less than 33 harassing phone calls to Plaintiff's cellular telephone from between September 2018 through November 2018, using an ATDS without her prior consent.

### c. Violations of FDCPA § 1692g

43. Defendant violated §1692g through its initial communication by failing to properly inform Plaintiff as to Plaintiff's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer. Despite the foregoing, Defendant through its initial communication demanded payment of the subject debt from Plaintiff through the use of an automated telephone dialing system and failed to adequately send Plaintiff her right to dispute the validity of the subject debt within five days of the initial communication.

44. As an experienced debt collector, Defendant knew or should have known the ramifications of not sending a validation notice within 5 days of the initial communication pursuant to §1692g

45. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the cellular phones of consumers.

46. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

47. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff TANISHA C. BURTON respectfully requests that this Honorable Court:

   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

   b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

   c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

   d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: May 29, 2018                            Respectfully Submitted,

                                               /s/ Alexander J. Taylor
                                               Alexander J. Taylor, Esq.
                                               *Counsel for Plaintiff*
                                               Sulaiman Law Group, Ltd
                                               2500 S Highland Ave, Suite 200
                                               Lombard, IL 60148
                                               Telephone: (630) 575-8181
                                               ataylor@sulaimanlaw.com